IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CIVIL ACTION NO.: 8:18-cv- 00023 -T- 26MAP

ROBERT TAYLOR,

    Plaintiff,

v.

I.C. SYSTEM, INC. and
SPRINT CORPORATION,

    Defendant.

_____/



## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Robert Taylor ("Taylor"), files this Complaint against Defendants, I.C. System, Inc. ("Diversified"), and Sprint Corporation ("Sprint'), and, in support thereof, states as follows:

### INTRODUCTION

1. Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55-559.785, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and invaded his privacy, by calling Plaintiff numerous times on his cell phone using an illegal automatic dialing system regarding an unverified debt.

2. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, was designed to prevent calls like the ones described in this Complaint, and to protect the privacy of citizens like Plaintiff. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers

may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

3. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.
>
> *Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the time of call...." *Id.* at §§ 12-13. *See also, Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

5. Taylor, by undersigned attorney, bring this action to challenge the conduct of Defendant I.C. System, Inc. ("IC System" or "Defendant"), with regard to attempts by Defendant to unconscionably and abusively collect debts allegedly owed by Plaintiff. Further, Plaintiff bring this action for damages and any other available legal or equitable remedies resulting from the actions of Defendant in their negligent and/or willful violations of the FDCPA, TCPA, and the FCCPA.

6. Plaintiff make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff allege on personal knowledge.

7. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

9. Pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 227(b), and 28 U.S.C. § 1367, this Court has federal question jurisdiction to hear any federal claims and supplemental jurisdiction over any state claims.

10. This Court has federal question jurisdiction because this action arises out of Defendant's violations of a federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

11. Venue is proper in the United States District Court for the District of pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business within this judicial district and has a principal place of business in this district.

## PARTIES

12. Taylor is a individual residing in Sarasota County, Florida.

13. IC System is a foreign for-profit corporation registered to do business in the State of Florida. Defendant IC System may be served with process at the following address: CT Corporation System, Registered Agent, 1200 S. Pine Island, Plantation, Florida 33324.

14. Defendant Sprint Corporation is foreign for-profit corporation transacting business in the State of Florida. Defendant Sprint has no registered agent in the State of Florida. Pursuant to Fla. Stat. 48.081(2), service of process may be made on any agent transacting business for Sprint in this state.

15. Plaintiff do not know the identities of the creditors who own the debt that Defendant have been retained to service and collect. Upon information and belief, Plaintiff allege that each such creditor has expressly retained Defendant to act as their agents and have ratified Defendant's actions,

including the violations of law described herein, by, among other things, knowingly accepting the benefits obtained by Defendant's actions. Plaintiff seeks discovery to identify these creditors and will seek to amend this Complaint to include those creditors as parties.

16. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all the agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## FACTUAL ALLEGATIONS

17. Beginning on or around September 2016 to the June 2017, Defendant IC System began calling Taylor on his cellular telephone number ending in 4125 using an automatic dialing and/or predictive dialer system regarding a Sprint account for the purchase of insurance for a lost or stolen phone.

18. The calls were related to an alleged debt owed to Sprint regarding the contract for the purchase of the phone.

19. In total, Taylor received at least more than 25 calls from Defendant on his cellular telephone.

20. IC System called Taylor at the most inconvenient hours. For example, Taylor received a call on September 19, 2016 at 5:31 a.m. in the morning. Mr. Taylor received calls three to four times a day.

21. Taylor clearly told IC System to stop calling his cell phone. He clearly revoked any type of prior express consent, if prior express consent ever existed, by stating numerous times to Defendant, starting on or around late December 2016, to stop calling his cell phone, that he didn't understand why he was receiving so many calls, and that Defendant needed to stop calling him. Defendant persisted in making the calls to Taylor.

22. Taylor therefore clearly revoked any type of prior express consent, if prior express consent ever existed, by stating in so many different ways various words conveying his desire that he no longer wished to be contacted by phone.

23. Taylor answered several of the above mentioned autodialed telephone calls from IC System and asked Defendant to stop calling. Despite these clear and unmistakable requests, the calls continued without interruption. Each of these requests terminated any express or implied consent that Defendant may have had prior to beginning its campaign of harassment by telephone.

24. The calls by IC System to Taylor's cell phone continued, even after Mr. Taylor's multiple oral revocations.

25. The call to Mr. Taylor on his cellular telephone were made using an automatic telephone dialing system and/or using an artificial or prerecorded voice, prohibited under 47 U.S.C. § 227. Specifically, IC System used a dialer which capabilities among others include autodialing and predictive capabilities.

26. The dialer has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

27. When Taylor answered the calls from IC System and picked up his phone, he often times heard a silence, sometimes with a click or a beep-tone, before an IC System's representative picked up the line and started speaking to him.

28. Plaintiff also often times received calls from IC System and heard a recorded voice or message when he picked up the call, rather than a live representative.

29. These calls were made by IC System or its agent or its vendor, with Defendant's permission, knowledge, and control, for IC System's benefit.

30. As a result, the telephone calls by IC System, or its agent(s), using a prohibited dialer, Defendant violated 47 U.S.C. § 227(b)(1).

31. Through IC System's actions, Taylor suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

32. The unrelenting, repetitive calls disrupted Mr. Taylor's daily activities and the peaceful enjoyment of his personal and professional life, including the ability to use his phone.

33. The calls were extremely intrusive on Taylor's relationships with close family members. Specifically, out of frustration, Mr. Taylor began to ignore or send to voicemail many incoming calls from unknown numbers. In doing so, he missed important communications from friends and family. When he did communicate with them, the stress he endured from the calls inadvertently permeated those communications.

34. Taylor was personally affected, becoming frustrated and distressed that, despite telling IC System to to stop calling his cellular phone, Defendant continued to harass Mr. Taylor with collection calls using the illegal dialer.

## CAUSES OF ACTION
### COUNT I
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. § 227
### (AGAINST DEFENDANT DIVERSIFIED)

35. Plaintiff incorporates by reference paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including each and every one of the provisions of 47 U.S.C. § 227 regarding the use of an automatic and/or

predictive dialer to call consumer's cell phones without their prior express consent.

37. As a result of Defendant's negligent violations of 47 U.S.C. § 227, Taylor is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

38. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### COUNT II
### KNOWING AND/OR WILLFUL OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. § 227
### (AGAINST DEFENDANT DIVERSIFIED)

39. Plaintiff incorporates by reference paragraphs 1 through 34 of this Complaint as though fully set forth herein.

40. Each call after Mr. Taylor requested Defendant to stop calling Mr. Taylor's cell phone constitutes a knowing and/or willful violation of the TCPA.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227.

42. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, Mr. Taylor is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

43. Mr. Taylor is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### COUNT III
### VIOLATION OF THE FDCPA
### 15 U.S.C. §§ 1692-1692p
### (AGAINST DEFENDANT DIVERSIFIED)

44. Plaintiff incorporates by reference paragraphs 1 through 34 of this Complaint as though fully set forth herein.

45. The FDCPA was designed to prevent abusive collection practices as the ones described within this Complaint, and to protect the privacy of citizens like Mr. Taylor.

46. Plaintiff is within the class of persons which the FDCPA was designed to protect.

47. Plaintiff is a consumer within the meaning of 15 U.S.C. 1692a(3).

48. Defendant is a debt collectors within the meaning of 15 U.S.C. 1692a(6).

49. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. 1692. Specifically, Defendants' violations include but are not limited, to:

> (1) Defendants violated 15 U.S.C. 1692d by robo calling Taylor numerous times in an attempt to harass, oppress, and abuse, Taylor in the collection of a debt;
>
> (2) Defendants violated 15 U.S.C. 1692e(2) in using a false representation and deception that Mr. Taylor owes a debt;
>
> (3) Defendants violated 15 U.S.C. 1692e(2) by falsely representing the character, amount, or legal status of a debt; and
>
> (4) Defendants violated 15 U.S.C. § 1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

50. As a result of Defendant's violations of 15 U.S.C. 1692, Taylor is entitled to an award of actual damages, statutory damages, for each and every violation, pursuant to 15 U.S.C. 1692k.

51. Taylor is also entitled to and seek injunctive relief prohibiting such conduct in the future. As said conduct was carried out by Defendant in an oppressive, malicious, despicable, gross and wantonly negligent manner, said conduct demonstrates Defendant's conscious disregard for the rights and safety of Plaintiff or his family. As such Mr. Taylor is entitled to recover punitive damages from Defendant in an amount to be proven at trial.

### COUNT IV
### VIOLATION OF THE FCCPA
### FLA. STAT. 559.55
### (AGAINST DEFENDANT DIVERSIFIED AND SPRINT)

52. Plaintiff incorporates by reference paragraphs 1 through 34 of this Complaint as though fully set forth herein.

53. Plaintiff is a consumer within the meaning of Fla. Stat. § 559.55(8).

54. Defendants are debt collectors within the meaning of Fla. Stat. § 559.55(7).

55. Defendants committed numerous and innumerable violations of Fla. Stat. § 559.72, including but not limited to claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate; willfully communicate with the debtor or any member of his family with such frequency as can reasonably be expected to harass the debtor or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his family; claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist; and communicating with the

debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor.

56. As a result of Defendants' violations of Fla. Stat. 559.72, Mr. Taylor demands judgment for damages against Defendants for actual and statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. 559.77.

## COUNT V
## INVASION OF PRIVACY
## (AGAINST DEFENDANT DIVERSIFIED AND SPRINT)

57. Plaintiff incorporates by reference paragraphs 1 through 34 of this Complaint as though fully set forth herein.

58. Defendants had a duty to use care to not infringe on their privacy rights when collecting on alleged debts and not to call Mr. Taylor countless times on schedule using a computerized dialer to harass and/or abuse Plaintiffs.

59. Defendants breached that duty by calling Mr. Taylor on his cellular telephone an excessive number of times, as discussed above, and continued to call despite Plaintiff's requests that the calls stop.

60. Mr. Taylor was harmed and suffered injury as described above.

61. The negligence of Defendants was a substantial and proximate factor in causing Plaintiff this harm and injury described above.

62. As said conduct was carried out by Defendants in an oppressive, malicious, despicable, gross and wantonly negligent manner, said conduct demonstrates Defendants' conscious disregard for the rights of Plaintiff. As such, Mr. Taylor is entitled to recover punitive damages from Defendant in addition to their special, compensatory, and general damages.

## JURY DEMAND

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff demands a trial by jury on all issues so triable, including the issue of the amount of statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ROBERT TAYLOR pray that judgment be entered against Defendants I.C. SYSTEM, INC. and SPRINT CORPORATION, and damages be awarded as follows:

- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- A permanent injunction, restraining and enjoining Defendants from communicating with Plaintiff in a manner that violates 47 U.S.C. § 227 or § 559.72(7);
- Actual, special general, compensatory, and punitive damages;
- Statutory damages of $1,000 and actual damages pursuant to § 559.77(2);
- Reasonable attorneys' fees and costs of suit pursuant to § 559.77(2); and
- Any and all other relief that the Court deems just and proper.

By: /s/ Ramona Ladwig
Ramona Ladwig
Florida Bar No. 0048212
175 S.W. 7th Street
Miami, Florida 33130
Phone: (214) 880-6362
Fax: (800) 635-6425
ramona@westcoastlitigation.com
*Attorney for Plaintiff Robert Taylor*