IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISON

CIVIL ACTION NO.: 8:18-cv-00023-RAL-MAP

ROBERT TAYLOR,

        Plaintiff,

v.

I.C. SYSTEM, INC. and
SPRINT CORPORATION,

        Defendant.

_____ /

## FIRST AMENDED COMPLAINT FOR
## DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Robert Taylor ("Taylor"), files this Complaint against Defendants, I.C. System, Inc. ("IC System"), and Sprint Corporation ("Sprint'), and, in support thereof, states as follows:

## INTRODUCTION

1. Taylor alleges that Defendants Sprint and IC System called him an unreasonable amount of time on his cell phone regarding a debt. Taylor brings claims for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55-559.785, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, as well as common-law state claims for invasion of privacy, negligence, and negligent infliction of emotional distress.

2.    The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, was designed to prevent calls like the ones described in this Complaint, and to protect the privacy of citizens like Plaintiff. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

3.    Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.
>
> *Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.    Congress also specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the time of call…." *Id*. at §§ 12-13. *See also*, *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

5.    Taylor, by undersigned attorney, brings this action to challenge the conduct of Defendants Sprint and I.C. System, with regard to attempts by Defendants to unconscionably and abusively collect debts allegedly owed by Plaintiff. Further, Plaintiff brings this action for damages and any other available legal or equitable remedies resulting from the conduct of Defendants in their negligent and/or willful violations of the FDCPA, TCPA, and the FCCPA.

6.   Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff allege on personal knowledge.

7.   While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8.   Any violation by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

9.   Pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 227(b), and 28 U.S.C. § 1367, this Court has federal question jurisdiction to hear any federal claims and supplemental jurisdiction over any state claims.

10.   This Court has federal question jurisdiction because this action arises out of Defendant's violations of a federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

11.   Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business within this judicial district and have a principal place of business within this district.

## PARTIES

12.   Taylor  is a individual residing in Sarasota County, Florida.

13.   IC System is a foreign for-profit corporation registered to do business in the State of Florida. Defendant IC System may be served with process at the following address: CT Corporation System, Registered Agent, 1200 S. Pine Island, Plantation, Florida 33324.

14.   Defendant Sprint Corporation is   foreign for-profit corporation transacting business in the State of Florida. Defendant Sprint  has no registered agent in

the State of Florida. Pursuant to Fla. Stat. 48.081(2), service of process may be made on any agent transacting business for Sprint in this state.

15. Upon information and belief, Plaintiff alleges that Defendant Sprint has expressly retained IC System to act as its agents and have ratified IC System's actions, including the violations of law described herein, by, among other things, knowingly accepting the benefits obtained by IC System's actions. Plaintiff seeks discovery to identify all creditors involved in the collection of the subject debt, and will seek to amend this Complaint to include those creditors as parties.

16. Unless otherwise indicated, the use of Sprint and IC System's name in this Complaint includes all their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendants.

## FACTUAL ALLEGATIONS

17. Beginning on or around September 2016 to the June 2017, Defendant IC System began calling Taylor on his cellular telephone number ending in 4125 using an automatic dialing and/or predictive dialer system regarding a debt with Sprint. Sometime prior, Taylor had purchased insurance for a lost or stolen phone. Taylor thereafter lost his phone. He filed an insurance claim with Sprint. Sprint denied the claim without providing any reason. Taylor then stopped paying for the insurance. Subsequently, Sprint charged off his account and sent the debt to various collectors, including IC System.

18. In about a three-month period, Taylor received more than 50 calls from IC System.

19. IC System called Taylor at the most inconvenient hours. For example, Taylor recall receiving a call on September 19, 2016 at 5:31 a.m. in the morning. Mr. Taylor received calls three to four times a day.

20. Taylor clearly told IC System to stop calling his cell phone. He told IC System to not call his cell phone number again. He clearly revoked any type of prior express consent, if prior express consent ever existed, by telling Defendant to stop calling his cell phone.

21. Mr. Taylor told IC System to stop calling his phone at least twice. He made this request initially when he began receiving the calls, in or around the Fall of 2016.

22. Defendant called Taylor numerous times after Taylor requested the calls to stop.

23. Taylor therefore clearly revoked any type of prior express consent, if prior express consent ever existed, by stating in so many different ways various words conveying his desire that he no longer wished to be contacted by phone.

24. Taylor answered several of the above mentioned autodialed telephone calls from IC System and asked Defendant to stop calling. Despite these clear and unmistakable requests, the calls continued without interruption after Taylor's request. Each of these requests terminated any express or implied consent that Defendants may have had prior to beginning their campaign of harassment by telephone.

25. The calls by IC System to Taylor's cell phone continued, even after Mr. Taylor's multiple oral revocations.

26. The call to Mr. Taylor on his cellular telephone were made using an automatic telephone dialing system and/or using an artificial or prerecorded voice, prohibited under 47 U.S.C. § 227. Specifically, IC System used a dialer which capabilities, which include among others include autodialing and predictive capabilities.

27. The dialer has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

28. When Taylor answered the calls from IC System, he often times heard a silence, sometimes with a click or a beep-tone, before an IC System's representative picked up the line and started speaking to him.

29. Taylor also often times received calls from IC System and heard a pre-recorded voice or pre-recorded message when he picked up the call, rather than a live representative.

30. These calls were made by IC System or its agent or its vendor, with Defendant's permission, knowledge, and control, for IC System's benefit.

31. As a result, the telephone calls by IC System, or its agent(s), using a prohibited dialer, Defendant violated 47 U.S.C. § 227(b)(1).

32. Through IC System's actions, Taylor suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

33. The unrelenting, repetitive calls disrupted Mr. Taylor's daily activities and the peaceful enjoyment of his personal and professional life, including the ability to use his phone.

34. The calls were extremely intrusive on Taylor's relationships with close family members. Specifically, out of frustration, Mr. Taylor began to ignore or send calls to voicemail. In doing so, he missed important communications from friends and family. When he did communicate with his family, the stress he endured from the calls permeated those communications.

35. Taylor was personally affected, becoming frustrated and distressed that, despite telling IC System to to stop calling his cellular phone, Defendant continued to harass Mr. Taylor with numerous collection calls.

## CAUSES OF ACTION
### COUNT I
### NEGLIGENT VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. § 227
### (AGAINST DEFENDANT IC SYSTEM)

36. Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. The foregoing acts and omissions of IC System constitute numerous and multiple negligent violations of the TCPA, including each and every one of the provisions of 47 U.S.C. § 227 regarding the use of an automatic and/or predictive dialer to call consumer's cell phones without their prior express consent.

38. As a result of Defendant's negligent violations of 47 U.S.C. § 227, Taylor is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### COUNT II
### KNOWING AND/OR WILLFUL VIOLATION OF THE
### TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. § 227
### (AGAINST DEFENDANT IC SYSTEM)

40. Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint as though fully set forth herein.

41. Each call by Defendant after Mr. Taylor's request to stop calling his cell phone constitutes a knowing and/or willful violation of the TCPA.

42. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227.

43.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, Mr. Taylor is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

44.    Mr. Taylor is also entitled to and seek injunctive relief prohibiting such conduct in the future.

**COUNT III**
**VIOLATION OF THE FDCPA**
**15 U.S.C. §§ 1692-1692p**
**(AGAINST DEFENDANT IC SYSTEM)**

45.    Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint as though fully set forth herein.

46.    The FDCPA was designed to prevent abusive collection practices as the ones described within this Complaint, and to protect the privacy of citizens like Mr. Taylor.

47.    Plaintiff is within the class of persons which the FDCPA was designed to protect.

48.    Plaintiff is a consumer within the meaning of 15 U.S.C. 1692a(3).

49.    Defendant is a debt collectors within the meaning of 15 U.S.C. 1692a(6).

50.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. 1692. Specifically, Defendants' violations include but are not limited, to:

> (1) Defendants violated 15 U.S.C. 1692d by robo calling Taylor numerous times in an attempt to harass, oppress, and abuse, Taylor in the collection of a debt;
>
> (2) Defendants violated 15 U.S.C. 1692e(2) in using a false representation and deception that Mr. Taylor owes a debt;

(3) Defendants violated 15 U.S.C. 1692e(2) by falsely representing the character, amount, or legal status of a debt; and

(4) Defendants violated 15 U.S.C. § 1692f(l) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

51.    As a result of Defendant's violations of 15 U.S.C. 1692, Taylor is entitled to an award of actual damages, statutory damages, for each and every violation, pursuant to 15 U.S.C. 1692k.

52.    Taylor is also entitled to and seek injunctive relief prohibiting such conduct in the future. As said conduct was carried out by Defendant in an oppressive, malicious, despicable, gross and wantonly negligent manner, said conduct demonstrates Defendant's conscious disregard for the rights and safety of Plaintiff or his family. As such Mr. Taylor is entitled to recover punitive damages from Defendant in an amount to be proven at trial.

**COUNT IV**
**VIOLATION OF THE FCCPA**
**FLA. STAT. 559.55**
**(AGAINST DEFENDANT IC SYSTEM AND SPRINT)**

53.    Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint as though fully set forth herein.

54.    Plaintiff is a consumer within the meaning of Fla. Stat. § 559.55(8).

55.    Defendants are debt collectors within the meaning of Fla. Stat. § 559.55(7).

56.    Defendants committed numerous and innumerable violations of Fla. Stat. § 559.72, including but not limited to claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate; willfully communicate with the debtor or any member of his family with such frequency as can reasonably be expected to harass the debtor or his

family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his family; claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist; and communicating with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor.

57.   As a result of Defendants' violations of Fla. Stat. 559.72, Mr. Taylor demands judgment for damages against Defendants for actual and statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. 559.77.

## COUNT V
### INVASION OF PRIVACY
### (AGAINST DEFENDANT IC SYSTEM AND SPRINT)

58.   Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint as though fully set forth herein.

59.   Defendants had a duty of care to not infringe on Taylor's privacy rights when collecting on alleged debts and when communicating with Taylor, as well as as a duty to not call Taylor countless times using a computerized dialer and a duty to not harass and/or abuse Plaintiffs.

60.   Defendants breached that duty by calling Mr. Taylor on his cellular telephone an excessive number of times as discussed above, and continued to call despite Plaintiff's request to not call his cell phone again.

61.   Mr. Taylor was harmed and suffered injury as described above.

62.   The negligence of Defendants was a substantial and proximate factor in causing Plaintiff this harm and injury described above.

63.   As said conduct was carried out by Defendants in an oppressive, malicious, despicable, gross and wantonly negligent manner, said conduct demonstrates a conscious disregard for the rights of Plaintiff. As such, Mr. Taylor is

entitled to recover punitive damages from Defendant in addition to their special, compensatory, and general damages.

## COUNT VI
## NEGLIGENCE
### (AGAINST DEFENDANT IC SYSTEM AND SPRINT)

64. Plaintiff incorporates by reference paragraphs 1-35 of this Complaint as though fully set forth herein.

65. Defendants owed a duty to Taylor, including, among others, the duty to use and act as a reasonable debt collector, the duty to communicate with Taylor in a reasonable manner so as to avoid harassment and invasion of Taylor's privacy in any communications regardless of the purpose, and a duty to stop calling Taylor after his repeated requests.

66. Defendants breached their duty to Mr. Taylor. Defendant Sprint employed an unreasonable debt collector. Defendant IC System failed to act as a reasonable debt collector, failed to communicate with Taylor in a reasonable manner so as to avoid harassment and invasion of Taylor's privacy, and failed to stop calling Taylor's cell phone his repeated requests.

67. As a result of Defendants' breach of their duties, Mr. Taylor suffered damages, including headaches, stomach aches, and causing Mr. Taylor emotional distress.

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST DEFENDANT IC SYSTEM AND SPRINT)

68. Plaintiff incorporates by reference paragraphs 1-35 of this Complaint as though fully set forth herein.

69. By their repeated calls to Mr. Taylor's cell phone after being instructed to stop calling, among other conducts, Defendants engaged in outrageous conduct.

70. The outrageous conduct was deliberate and reckless was designed to inflict mental suffering and exact payment for a debt.

71.    Defendants' conduct caused emotional distress and harm to Taylor.

**JURY DEMAND**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff demands a trial by jury on all issues so triable, including the issue of the amount of statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ROBERT TAYLOR prays that judgment be entered against Defendants I.C. SYSTEM, INC. and SPRINT CORPORATION, and damages be awarded as follows:

- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- A permanent injunction, restraining and enjoining Defendants from communicating with Plaintiff in a manner that violates 47 U.S.C. § 227 or § 559.72(7);

- Actual, special general, compensatory, and punitive damages;

- Statutory damages of $1,000 and actual damages pursuant to § 559.77(2);

- Reasonable attorneys' fees and costs of suit pursuant to § 559.77(2); and

- Any and all other relief that the Court deems just and proper.

By: /s/ Ramona Ladwig
Ramona Ladwig
Florida Bar No. 0048212
175 S.W. 7th Street
Miami, Florida 33130
Phone: (214) 880-6362
Fax: (800) 635-6425
ramona@westcoastlitigation.com
*Attorney for Plaintiff Robert Taylor*

### CERTIFICATE OF SERVICE

On February 13, 2018, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Middle District of Florida, through the electronic filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rules of Civil Procedure 5(b)(2).

By: /s/ Ramona Ladwig
Ramona Ladwig